UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

BILL A. MYERS and LINDA H. MYERS                                    PLAINTIFFS

V.                                              CIVIL ACTION NO.1:07CV052 LTS-RHW

STATE FARM FIRE AND CASUALTY COMPANY, ET AL.            DEFENDANTS

## MEMORANDUM OPINION

The Court has before it a motion [9] to dismiss filed by Defendant State Farm Fire & Casualty Company (State Farm).  As grounds for this motion, State Farm asserts that dismissal of this action is justified because the plaintiffs have not joined The Peoples Bank (the bank), an additional insured under the homeowners policy involved in this case and a mortgagee of the insured property at the time of the loss.

This is an action for property damage that occurred during Hurricane Katrina.  The plaintiffs were insured under two policies issued by State Farm: flood insurance policy number 24-RM-1725-6 and homeowners policy number 24-99-4828-8.  The limits of the plaintiffs' flood insurance policy were paid shortly after the storm.  The plaintiffs' right of recovery under the homeowners policy is at issue in this litigation.

Plaintiffs' counsel has represented that the mortgage debt owed to the bank has been paid in full, and a promissory note in favor of the bank stamped "Paid" and dated October 11, 2005, has been placed into the record as Exhibit A in support of the plaintiffs' opposition to the motion to dismiss.  State Farm apparently concedes that the bank no longer has an interest in the insured property, but State Farm still asserts that the bank should be joined as a party to this litigation.

State Farm's assertions in support of the joinder of the bank is speculative.  State Farm contends that the plaintiffs may be required to repay the proceeds of a flood insurance policy used to pay the mortgage debt.  State Farm suggests that the United States of America may seek reimbursement of these flood insurance benefits.  In the event this should occur, and should the United States succeed in its claim to reimbursement, State Farm contends that the bank may be required to account for the money it received in satisfaction of its mortgage.

The offer of payment and the acceptance of payment of the policy limits under the flood policy conclusively settles the plaintiffs' flood insurance claim, absent fraud or similar misconduct.  State Farm itself adjusted the plaintiffs' claim under the flood policy.  State Farm has not alleged that the payment of these flood insurance benefits were procured by fraud or other misconduct on the part of the plaintiffs.  Thus, there is no current claim that would support joinder of the bank as a party to this litigation.

      I am of the opinion that the grounds State Farm asserts for the joinder of the bank is too speculative to support the joinder of the bank as a party.  Accordingly, I will deny the motion to dismiss.  An appropriate order will be entered.

      **SO ORDERED** this 16th day of May, 2007.

      s/ L. T. Senter, Jr.
      L. T. SENTER, JR.
      SENIOR JUDGE